UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 67.180.133.24,<br><br>    Defendant. | Case No. 25-cv-03896-JST<br><br>**ORDER DENYING MOTION TO QUASH**<br><br>Re: ECF No. 10 |

On May 4, 2025, Plaintiff Strike 3 Holdings, LLC ("Strike 3") filed this action against Defendant, John Doe subscriber assigned IP address 67.180.133.24 ("Defendant"), alleging copyright infringement associated with Defendant's IP address. ECF No. 1. On May 16, 2025, Strike 3 moved ex parte for leave to serve a third-party subpoena on Comcast Cable Communications, LLC ("the ISP") under Rule 45 of the Federal Rules of Civil Procedure, prior to a Rule 26(f) conference. ECF No. 8. Finding that "good cause" existed, the Court granted the application and allowed Strike 3 may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Strike 3 with the true name and address of the Defendant to whom the ISP assigned an IP address as detailed in the complaint and as listed in the case caption. ECF No. 9 at 1. In the Court's order, the Court issued the following limited protective order: "To the extent that the ISP releases any name or other personal identifying information regarding any current or proposed defendant to Strike 3, such information shall be treated as confidential and shall not be publicly disclosed until Defendant has had the opportunity to file a motion with this Court to proceed anonymously and the Court has ruled on that motion. If Defendant fails to file a motion for leave to proceed anonymously within 30 days after his or her information is disclosed to Strike 3, this limited protective order will expire." *Id.* ¶ 8.

On June 25, 2025, Defendant filed a motion to quash the subpoena served by Strike 3 and to request a protective order limiting discovery.[1] ECF No. 10. Strike 3 filed its opposition on July 8, 2025. ECF No. 11. Defendant has not filed a reply in support of its motion. The Court will deny the motion to quash the subpoena and grant the unopposed request for a limited protective order.

Rule 45 of the Federal Rules of Civil Procedure states that a court must quash a subpoena, upon timely motion, if it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv). Motions to quash are evaluated in the context of Rule 26, which states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Defendant moves to quash on the grounds that the information sought is "privileged or confidential." ECF No. 10 at 1. But "[c]ourts have routinely found that there is not a sufficient claim of privilege over one's name and address in the face of these subpoenas." *Strike 3 Holdings, LLC v. Doe*, No. 22-6619, 2022 WL 16636600, at *2 (S.D.N.Y. Nov. 2, 2022) (collecting cases). "The information sought is not privileged or protected in any way because it was voluntarily provided to the ISP." *Strike 3 Holdings, LLC v. Doe*, No. 19-10252, 2020 WL 5525549, at *5 (D.N.J. Sept. 14, 2020) (denying motion to quash); *Strike 3 Holdings, LLC v. Doe*, No. 24-2163, 2024 WL 4887533, at *3 (N.D. Tex. Nov. 22, 2024) ("[T]o the extent that Defendant argues that the subpoena should be quashed on grounds of privilege or privacy, a 'defendant lacks a reasonable expectation of privacy in information that he or she voluntarily shared by downloading

---

[1] The Court notes that the motion references "the subpoena served on 04/12/2025 by STRIKE 3 HOLDINGS LLC." ECF No. 10 at 1. The Court is not aware of any subpoena related to this case that was served on April 12, 2025, *prior* to the filing of the operative complaint. Accordingly, the Court construes Defendant's motion as challenging the third-party subpoena served in relation to ECF Nos. 8 and 9.

2

and distributing Strike 3 Holdings's movies 'through a peer-to-peer network[.]'") quoting *Strike 3 Holdings, LLC v. Doe*, No. 21-3319, 2021 WL 5359608, at *2 (S.D. Tex. Nov. 17, 2021).

Defendant also contends that the qualities of an IP address "make it impossible to tie an IP address to anyone in particular" and thus it "could be anyone" who used his internet to infringe Plaintiff's copyrights. ECF No. 10 at 2. While Defendant's claim of innocence "may prove to be true, courts in this and other circuits have consistently rejected the argument that a defendant's status as a registered subscriber of an IP address associated with infringing activity is insufficient to support discovery of the subscriber's identity where others could have used the IP address." *Strike 3 Holdings, LLC v. Doe*, No. 24-3749, 2025 WL 1410793, at *2 (E.D. Cal. Apr. 1, 2025) (collecting cases). And any privacy concerns raised by Defendant have already been addressed by the limited protective order put in place by the Court's prior order. *See* ECF No. 9 ¶ 8.

Finally, while Defendant did not offer any detail as to what kind of protective order they seek, Strike 3 has expressed that it does not "oppose entry of a protective order allowing Defendant to litigate pseudonymously as 'John Doe' until the close of discovery and that the information produced by the ISP to Plaintiff be treated as confidential." ECF No. 11 at 5.

Accordingly, the Court amends the limited protective order in this case as follows: To the extent that the ISP releases or has already released any name or other personal identifying information regarding any current or proposed defendant to Strike 3, such information shall be treated as confidential and shall not be publicly disclosed. Furthermore, Defendant may proceed anonymously until the close of discovery.

**IT IS SO ORDERED.**

Dated: July 18, 2025

_____
JON S. TIGAR
United States District Judge